IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ABEL SAENZ | § | |
| VS. | § | CIVIL ACTION NO. 1:08-CV-672 |
| MARCUS MARTIN | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Abel Saenz, a federal prisoner confined in Beaumont, Texas, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends dismissing the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit. Petitioner may not challenge his conviction or sentence under Section 2241, because his claims do not meet the requirements set forth in *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner erroneously asserts that he should have served his state sentence first because the State of Colorado had primary jurisdiction. The State of Colorado relinquished primary jurisdiction by releasing petitioner to a community-based supervision program. *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) (noting that the arresting sovereign retains primary jurisdiction unless it relinquishes it by releasing the prisoner on bail, dismissing the charges, releasing the prisoner on parole, or the sentence expires). The federal government acquired primary jurisdiction by taking petitioner into custody after his physical release from state custody. *See Phillips v. Kaiser*, 47 Fed.Appx. 507, 511 (10th Cir. 2002) (finding that state had primary jurisdiction over petitioner, although he was on supervised release for his federal conviction at the time of his arrest by state authorities).

Petitioner contends that his rights under the Interstate Agreement on Detainers have been violated. However, the Interstate Agreement on Detainers does not apply to his case because the detainer lodged against him by Colorado authorities is based on a probation violation. *Carchman v. New Jersey Dep't of Corrections*, 473 U.S. 716, 725-26 (1985).

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

So **ORDERED** and **SIGNED** this **31** day of **March, 2009.**

_____
Ron Clark, United States District Judge